DOUGLAS, J., dissenting.
This action, begun before a justice of the peace, is for damages from a nuisance caused by a sewer leading from the Hickory Inn, a private enterprise. The plaintiff testified that there was an drainage of filth through the pipe from the city, but only from the Hickory Inn — "nothing bothers witness that comes from the city, and only damage done to witness is the drainage that comes from Hickory Inn." It *Page 378 
is apparent from this that the plaintiff's remedy is against the owners of Hickory Inn for damages, or by injunction, or both, and the court should have granted the motion to nonsuit plaintiff at the close of the evidence. In the language of the late Chief Justice Pearson, the plaintiff "has the wrong sow by the ear."
(551) The only evidence offered against the city is that some of its employees, with authority of its board of aldermen, put in, or aided to construct, the sewer years ago. But the damage arises not from putting the sewer in, but from its use now by the Hickory Inn. Besides, the putting in a sewer to the hotel was an ultra vires act of the aldermen, unauthorized by the charter of the city, and if that were the cause, of action, the liability, if any, would rest upon the aldermen individually and not upon the taxpayers of the city, from whom the aldermen had no authority to act in putting in a sewer to a hotel in which the city had no interest. Dillon Mun. Corp. (4 Ed.), secs. 89-92, 457, 969-970, the last-named sections more especially.
Error.